IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————

LAURA CRUZ,
*Appellant*,

*v.*

ROBERT GARCIA JR.,
*Appellee*.

No. 2 CA-CV 2015-0174
Filed June 17, 2016

———————————

Appeal from the Superior Court in Pima County
No. SP20060213
The Honorable Ken Sanders, Judge Pro Tempore

**VACATED AND REMANDED**

———————————

COUNSEL

Solyn & Lieberman, PLLC, Tucson
By Melissa Solyn and Scott Lieberman
*Counsel for Appellant*

Thrush Law Group, Tucson
By Brian K. Kimminau
*Counsel for Appellee*

**OPINION**

Judge Miller authored the opinion of the Court, in which Presiding Judge Vásquez and Chief Judge Eckerstrom concurred.

M I L L E R, Judge:

**¶1**        Laura Cruz appeals the family court's order suspending her parenting time with her minor child, L.G., and granting L.G.'s father, Robert Garcia Jr., permanent legal decision-making authority for L.G.  She argues the court abused its discretion when it made a final ruling on legal decision-making and parenting time without adequate notice and an evidentiary hearing on the issues.  Because we agree Cruz was denied due process, we vacate the order and remand the case for such a hearing.

**Factual and Procedural Background**

**¶2**        L.G. was born in August 2001.  The case began as a special paternity action brought by the state of Arizona to establish child support obligations.  In the 2006 judgment, legal custody was placed with Cruz under A.R.S. § 25-803 because L.G. had resided with Cruz for the greater part of the prior six months.  In 2007, the family court granted Garcia six hours of parenting time every other weekend and in 2008 the court increased Garcia's parenting time to one overnight visit every other weekend.

**¶3**        In May 2013, Garcia filed a petition requesting joint legal decision-making and equal parenting time.  Later that month, the Pima County Sheriff's Department executed a search warrant on Cruz's home and seized cocaine.[1]  Garcia amended his petition to modify custody in June 2013, requesting sole legal decision-making authority and suspension of Cruz's parenting time.

---

[1]Although Cruz was arrested on suspicion of possession of narcotics and drug paraphernalia, the charges against her were apparently dropped.

¶4        The family court set a hearing on the issues of legal decision-making and parenting time for February 2014. But at a settlement conference in January 2014, pursuant to Ariz. R. Fam. Law P. 69, the court accepted the parties' stipulation granting temporary sole legal decision-making to Garcia and making him L.G.'s primary residential parent.

¶5        In January 2015, Cruz filed a petition to vacate the Rule 69 agreement and restore her legal decision-making and unsupervised parenting time. She expressly requested an evidentiary hearing. The family court construed her petition as a "notification to the Court and parties that this case shall proceed to Court Trial," setting a trial date in August 2015.

¶6        On June 2, 2015, Garcia also petitioned the family court to modify one aspect of the Rule 69 agreement. He alleged that Cruz's most recent supervised parenting time with L.G. had deteriorated so severely that the staff of the supervising organization had called the police. Arguing Cruz's supervised parenting time had become "extremely detrimental to the emotional health of the minor child," Garcia requested its immediate halt. Cruz answered, arguing that Garcia was controlling L.G. and had deliberately alienated her from Cruz, and attaching an unsworn letter from the therapeutic interventionist (Dr. Pellegrin) who had been supervising Cruz's parenting time. In the letter Dr. Pellegrin wrote:

> In . . . 20 years doing work with high conflict families, I have never seen a child so averse to even considering a gradual re-unification with a parent [as L.G. is with Cruz]. . . . I am extremely concerned about the well-being of this child. I am not able to continue with my work in this case since I believe the situation is far too serious for weekly outpatient sessions to have any impact and, in fact, am concerned that this approach is making things worse.

> I am recommending a full custody
> evaluation in this case . . . . I believe that
> this must be done immediately since too
> much time has already elapsed . . . .

¶7          The family court set a hearing on Garcia's petition for June 24, 2015. Cruz and Garcia were both present and represented at the hearing. A court-appointed advisor (CAA) and L.G.'s attorney were also present. The CAA argued Dr. Pellegrin's letter made clear that "this [was] one of those extreme cases" in which an immediate halt to supervised parenting time was appropriate. Both Garcia and L.G. requested through counsel that all supervised parenting time with Cruz be suspended until further order. Cruz's counsel, in contrast, requested an increase in Cruz's parenting time. The court found that "any further parenting time by [Cruz] with [L.G.] would seriously endanger [L.G.'s] mental and emotional health," and suspended Cruz's parenting time. The court clarified at the hearing that its parenting time order was final and appealable, denied all other pending motions, and vacated the August 2015 trial date.

¶8          Two days later, in chambers, the family court made factual findings on the record required under A.R.S. § 25-403(B). In the same ruling, the court ordered that Garcia would have sole legal decision-making authority and be L.G.'s primary residential parent. Cruz appealed, and we have jurisdiction pursuant to A.R.S. §12-2101(A)(1).

## Due Process

¶9          Cruz argues the family court denied her due process by issuing a final ruling granting Garcia sole legal decision-making authority and suspending her parenting time without notice and an evidentiary hearing on those issues. Garcia argues waiver and, alternatively, contends that evidence admitted at prior hearings on other issues from 2013 to 2015 is sufficient to support the court's ruling. We review an order modifying parenting time for an abuse of discretion. *Baker v. Meyer*, 237 Ariz. 112, ¶ 10, 346 P.3d 998, 1002 (App. 2015).

**¶10** Garcia contends Cruz waived her due process claim because she did not object on this basis below. The general principle that this court will not consider an issue not raised below is jurisprudential, not substantive, *Jimenez v. Sears, Roebuck & Co.*, 183 Ariz. 399, 406 n.9, 904 P.2d 861, 868 n.9 (1995); further, in our discretion, we may consider constitutional arguments not properly raised before the trial court, *Ramsey v. Yavapai Family Advocacy Ctr.*, 225 Ariz. 132, ¶ 19, 235 P.3d 285, 291 (App. 2010). We do so here in part because it was not until two days after the June 24, 2015 hearing, when the court released its § 25-403(B) findings, that Cruz was put on notice that the court intended to make Garcia's temporary legal decision-making authority permanent; thus, she had no real opportunity to raise a due process objection at the hearing. Garcia's waiver argument relies on *Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994), but that case, which deals with a party's duty to request findings of fact and conclusions of law, provides no support for the proposition that a party has a duty to object to a final, appealable order in order to preserve error therein. *Cf. State v. Vermuele*, 226 Ariz. 399, ¶ 6, 249 P.3d 1099, 1101 (App. 2011) (criminal defendant could not be expected to object to error arising during final imposition of sentence; he had no procedural opportunity to do so). We conclude that Cruz's due process claim is properly before us.

**¶11** The Due Process Clause of the Fourteenth Amendment safeguards parents' fundamental liberty interest in their children's "'care, custody, and management.'" *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, ¶ 12, 282 P.3d 437, 439-40 (App. 2012), *quoting Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *see also Smart v. Cantor*, 117 Ariz. 539, 542, 574 P.2d 27, 30 (1977) ("[A] parent is entitled to due process whenever his or her custodial rights to a child will be determined by a proceeding."). "'Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner,'" as well as a chance to offer evidence and confront adverse witnesses. *Cook v. Losnegard*, 228 Ariz. 202, ¶ 18, 265 P.3d 384, 388 (App. 2011), *quoting Curtis v. Richardson*, 212 Ariz. 308, ¶ 16, 131 P.3d 480, 484 (App. 2006). Because determinations of legal decision-making and parenting time rest upon the best interests of the child, it is "necessary that the parties have time to

prepare and present all relevant evidence to the court" before such orders are modified. *Evans v. Evans*, 116 Ariz. 302, 306-07, 569 P.2d 244, 248-49 (App. 1977).

**¶12** A family law judgment rendered without notice and a meaningful opportunity to be heard cannot stand. For example, in *Cook*, the family court conducted a trial on the father's petition, which was limited to custody. 228 Ariz. 202, ¶¶ 16-17, 265 P.3d at 387-88. The court stated at the beginning of trial that it would not be considering child support, and thus, it was "'not inclined to listen to any evidence that would deal with the modification of the support obligation.'" *Id.* ¶ 17 (emphasis deleted). No evidence relevant to certain child support factors was presented at trial. *Id.* Nevertheless, in a post-hearing ruling, the court adjudicated child support despite the limited nature of the hearing and record. *Id.* ¶ 18. On appeal, we vacated the court's ruling, concluding the mother was denied adequate notice and a meaningful opportunity to be heard on the issue of child support before the court ruled. *Id.* ¶¶ 19-20.

**¶13** We reached a similar result in *Heidbreder v. Heidbreder*, 230 Ariz. 377, ¶¶ 13-16, 284 P.3d 888, 892-93 (App. 2012). There, too, the mother was denied due process because she lacked notice that the family court would address child support at a hearing on her petition to modify legal decision-making and parenting time. *Id.* ¶¶ 3-4, 13. We held "[a] trial court errs if it modifies child support without conducting a hearing or allowing the parties to gather and present their evidence." *Id.* ¶ 14. Although the court in *Heidbreder* had conducted a hearing on parenting time and legal custody, that was not sufficient to give the mother a meaningful opportunity to be heard as to the issue of child support. *See id.* ¶¶ 3, 15.

**¶14** We agree with Cruz that the family court's judgment in this case was rendered without procedural due process, as in *Cook* and *Heidbreder*. First, the parties did not have notice that legal decision-making was at issue at the June 24, 2015 hearing. *See Heidbreder*, 230 Ariz. 377, ¶¶ 13-16, 284 P.3d at 892-93; *Cook*, 228 Ariz. 202, ¶¶ 17-19, 265 P.3d at 387-88; *Evans*, 116 Ariz. at 306-07, 569 P.2d at 248-49; *see also Solomon v. Solomon*, 5 Ariz. App. 352, 355-56, 427 P.2d 156, 159-60 (1967) (trial court abused its discretion when, one

day before hearing, it expanded scope of hearing to include custody of both children, not just one; wife had no reason to believe husband would seek custody of both children and had no time to prepare proper defense).

¶15        As late as June 16, 2015, eight days before the hearing in question, the family court had reaffirmed the August 2015 date for a "Court Trial regarding Legal Decision-Making and Parenting Time." The parties prepared for the June 24, 2015 hearing with the understanding that the family court planned to address Garcia's motion to suspend Cruz's supervised parenting time. Importantly, the motion did not request a change in legal decision-making authority. The court reiterated twice at the hearing that the motion before it was Garcia's petition to suspend Cruz's parenting time. Garcia's counsel said at the hearing that he "would oppose any expansion of the purpose of this hearing" to include other then-pending motions, adding he preferred to "keep it limited to addressing the on-going supervised visitations." The parties did not present any argument or evidence on legal decision-making at the hearing. The transcript contains but one passing reference to the topic. The parties had no reason to anticipate that the court would finally adjudicate legal decision-making in an in-chambers ruling two days after the hearing.

¶16        Second, the family court did not give the parties an opportunity to be heard at a meaningful time and in a meaningful manner on the issue of legal decision-making. Due process requires that when there are disputed issues of fact as to a child's best interests, "the court must allow the parties to present evidence before it makes its finding." *Murray v. Murray*, 239 Ariz. 174, ¶ 18, 367 P.3d 78, 83 (App. 2016); *see Heidbreder*, 230 Ariz. 377, ¶ 15, 284 P.3d at 892 (directing parties to file financial affidavits after hearing at which court raised issue of child support *sua sponte* "was not a proper substitute for providing the parties a full opportunity to be meaningfully heard" on the issue); *cf. DePasquale v. Superior Court*, 181 Ariz. 333, 336, 890 P.2d 628, 631 (App. 1995) (trial court errs by "changing custody without a hearing and without the aggrieved parent's consent").

¶17     The family court's factual findings issued on June 26, 2015, pursuant to § 25-403, were based in large part on documents not admitted in evidence or subjected to adversary testing. For instance, the court relied on Dr. Pellegrin's letter, which, although it was attached to Cruz's answer to Garcia's petition to modify parenting time and discussed at the hearing, was never admitted as an exhibit. Other findings were based on hearsay statements from a summary of L.G.'s interview with Child Advocacy Services and a psychological evaluation of L.G. by Dr. Ralph Wetmore, both from 2013. These documents cannot substitute for admissible exhibits and testimony subjected to adversary testing. *See Murray*, 239 Ariz. 174, ¶ 18, 367 P.3d at 83 (pleadings and argument of counsel not sufficient to sustain finding of fact, because argument is not evidence); *Solomon*, 5 Ariz. App. at 356, 427 P.2d at 160 (as relevant to determine custody, best interests of child "'shall be determined after a proper and orderly hearing of the issue of custody with all interested parties having a right and opportunity to be present and produce evidence'"), *quoting Tuttle v. Tuttle*, 343 P.2d 838, 840 (N.M. 1959); *cf. Pridgeon v. Superior Court*, 134 Ariz. 177, 180-82, 655 P.2d 1, 4-6 (1982) (rejecting "'trial by affidavit'" and requiring hearing when pleadings are in "direct[] . . . opposition upon any substantial and crucial fact relevant to the grounds for modification" of custody order). Nor are we persuaded by Garcia's argument that earlier hearings from 2013 to 2015 on other issues provided Cruz a meaningful opportunity to be heard on the issue of legal decision-making. Because the parties had no notice that the court would be determining legal decision-making authority at the hearing and no meaningful opportunity to be heard on that issue, the court's ruling did not comport with due process. *See Heidbreder*, 230 Ariz. 377, ¶¶ 13-15, 284 P.3d at 892.

¶18     The family court cited A.R.S. § 25-411(J) and *Hart v. Hart*, 220 Ariz. 183, ¶ 16, 204 P.3d 441, 445 (App. 2009), for the proposition that a family court may "*sua sponte* restrict a parent's parenting time rights" upon finding that such parenting time would endanger the physical, mental, moral, or emotional health of the minor. We do not read these authorities so broadly. Contrary to Garcia's argument in the answering brief, § 25-411(J) does not permit the court to revoke a party's parenting time *sua sponte* without notice

and an opportunity to be heard.  *See, e.g.*, *Murray*, 239 Ariz. 174, ¶ 18, 367 P.3d at 83; *see also DePasquale*, 181 Ariz. at 336, 890 P.2d at 631 (acknowledging court may face emergency situation requiring temporary change in custody without notice and hearing, but emphasizing that in such case court must follow "strict procedural limits" of rules governing temporary orders[2]).  The court's authority to impose "restrict[ions]" on parenting time *sua sponte* under § 25-411(J) is limited to placing conditions on the exercise of parenting time, such as supervision or geographical restrictions.  *See Hart*, 220 Ariz. 183, ¶ 16, 204 P.3d at 445.

## Attorney Fees

**¶19**　　　　Cruz requests attorney fees and costs on appeal, citing A.R.S. §§ 25-324, 12-341, and 12-341.01.  In our discretion, we deny her request pursuant to § 25-324(A).  She has not shown a basis for mandatory fees pursuant to § 25-324(B), so we also deny that request.  We deny her request for fees pursuant to § 12-341.01 because this action does not arise out of a contract.  As the successful party on appeal, however, we award her costs on appeal pursuant to § 12-341, upon her compliance with Rule 21, Ariz. R. Civ. App. P.

**¶20**　　　　Garcia too requests attorney fees and costs pursuant to § 25-324(A) and (B).  In our discretion, we deny his request pursuant to subsection (A), and because he has not established a basis for an award under subsection (B) we deny that request as well.

---

[2] *DePasquale* cited Rule 65(d), Ariz. R. Civ. P., governing temporary restraining orders.  181 Ariz. at 336, 890 P.2d at 631.  The principle is the same under the new equivalent family law rule, promulgated after *DePasquale* was decided.  *See* Ariz. R. Fam. Law P. 48 & committee cmt.

**Disposition**

**¶21**         For the foregoing reasons, we vacate the family court's June 24, 2015 minute entry and its June 26, 2015 in-chambers findings and orders.[3]   We remand the case for an evidentiary hearing on the issues of parenting time and legal decision-making.

---

[3] This disposition makes it unnecessary to address Cruz's argument that the family court abused its discretion by denying her petition to appoint a family law master and a new therapeutic interventionist.