NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

ALEXANDER P. CARBERRY, *Petitioner/Appellee*,

*v.*

RASHIDA HYPATIA WARD, *Respondent/Appellant*.

No. 1 CA-CV 19-0383 FC

FILED 9-15-2020

Appeal from the Superior Court in Maricopa County
No. FC2017-006360
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

APPEARANCES

The Rahaman Law Firm PLLC, Scottsdale
By Ashley Rahaman
*Counsel for Petitioner/Appellee*

Rashida Hypatia Ward, Chandler
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

¶1	Rashida Hypatia Ward ("Mother") appeals the superior court's legal decision-making and parenting time order and its denial of her motion to amend. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2	Mother and Alexander P. Carberry ("Father") are the parents of one minor child. Father lives in New York, and Mother lives in Arizona.

¶3	Shortly after their child's birth, Father filed a petition to establish paternity, legal decision-making authority, parenting time, and child support. He also filed a motion for temporary orders regarding legal decision-making and parenting time, contending that Mother did not consult him about medical and personal care decisions for their child and had restricted his access to the child. Following a hearing, the superior court granted Mother sole legal decision-making authority on a temporary basis, and awarded Father parenting time one weekend per month, with the option of one additional weekend per month with proper notice to Mother.

¶4	Mother refused to comply with the superior court's order and withheld the child from Father during his scheduled parenting time. Father filed a motion asking the court to hold Mother in contempt and modify its temporary order to grant him sole legal decision-making authority and designate him the primary residential parent. Mother claimed she was justified in not allowing Father to exercise his parenting time as ordered because the child needed to nurse for medical reasons and Father intended to feed the child baby formula during his parenting time.

¶5	After a hearing on Father's motion, the court determined the child's medical records did not support Mother's position that exclusively nursing was required and that medical professionals had, in fact, told Mother she could supplement the child's diet with baby formula. The court found that Mother's position was "unjustified, and her conduct was

egregious." Noting evidence that Mother had withheld the child from Father on another occasion, the court cautioned Mother that one factor it would consider in determining legal decision-making authority and parenting time was which parent is more likely to allow the child frequent, meaningful and continuing contact with the other parent. The court warned: "Mother is showing that she will not follow [c]ourt orders and allow such contact for Father. Mother's conduct is unacceptable and must stop." The court modified its temporary orders by granting both parties joint legal decision-making. The court also ordered Mother to pay a portion of Father's attorneys' fees.

¶6        Unfortunately, the parties continued to have disputes regarding parenting time, which required further court involvement. Nine months after the original temporary orders were issued, the court held a hearing on Father's underlying petition. The court ordered that the parties continue to share joint legal decision-making authority, but that Father would be the child's primary residential parent.[1] The court granted Mother 14 consecutive days of parenting time every month except July, when she could exercise parenting time for the entire month.

¶7        Mother filed a motion to amend, claiming the court did not give her an opportunity to testify or present evidence at the hearing, which she alleged violated her due process rights. She also alleged the court did not properly consider or weigh the evidence. The court denied the motion to amend and entered a judgment awarding Father additional attorneys' fees.

¶8        Mother timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. section 12-2101(A)(1) & (2).

## DISCUSSION

¶9        Mother argues (1) the superior court did not allow her to testify or present evidence at the hearing in violation of her due process rights, and (2) the court did not properly consider or weigh the evidence.

¶10       We review the superior court's legal decision-making and parenting time determinations for an abuse of discretion and will affirm unless the record lacks any competent evidence to support the decision.

---

[1] The hearing on Father's petition also addressed Mother's petition for enforcement of child support, which the court granted in part. Mother does not challenge any rulings related to her petition on appeal.

*Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013); *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). We consider *de novo* whether the court afforded a party due process of law. *Jeff D. v. Dep't of Child Safety*, 239 Ariz. 205, 207, ¶ 6 (App. 2016).

**¶11**      Mother argues the superior court denied her right to due process by refusing to allow her adequate time to present her case. In particular, she alleges the court did not give her time to testify and present evidence on her own behalf. Due process requires that a party have "'notice and an opportunity to be heard at a meaningful time and in a meaningful manner,' as well as a chance to offer evidence and confront adverse witnesses." *Cruz v. Garcia*, 240 Ariz. 233, 236, ¶ 11 (App. 2016) (citations omitted). However, "[t]he trial court has discretion to control the courtroom and trial proceedings." *Christy A. v. Ariz. Dep't. of Econ. Sec.*, 217 Ariz. 299, 308, ¶ 31 (App. 2007). "We will not interfere in matters within [the court's] discretion unless we are persuaded that the exercise of such discretion resulted in a miscarriage of justice or deprived one of the litigants of a fair trial." *O'Rielly Motor Co. v. Rich*, 3 Ariz. App. 21, 27 (1966).

**¶12**      Mother has failed to demonstrate that she did not have a meaningful opportunity to be heard. The superior court allotted each party 90 minutes to present evidence at the hearing. Father's counsel called Mother as the first witness. At the end of that examination, the court explained to Mother that she could either testify immediately about the matters Father's counsel had covered or wait to testify further until Father concluded his presentation. Mother chose to wait. Father then testified on direct examination, after which Mother spent her entire 90 minutes cross-examining him, focusing much of that time on issues the court had previously resolved, or unrelated matters, such as Father's financial assets. The court twice advised Mother she was running out of time, but she did not reserve time to present her own testimony. The court is not required to "indulge inefficient use of time by parties or their counsel." *Volk v. Brame*, 235 Ariz. 462, 469, ¶ 22 (App. 2014).

**¶13**      The superior court's decision was supported by the evidence, and Mother has not shown that the evidence would have supported a different outcome if the court had given her additional time. *See id.* at 470, ¶ 26 ("Due process errors require reversal only if a party is thereby prejudiced.").

**¶14**      The superior court must assign legal decision-making authority and allocate parenting time in accordance with the best interests of the child. A.R.S. § 25-403; *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 11 (App.

2019). In determining the child's best interests, the court must consider all relevant factors, including those listed in A.R.S. § 25-403(A), and make its findings on the record. A.R.S. § 25-403. The court considered the best interests factors under A.R.S. § 25-403 and made detailed findings about all relevant factors.

¶15      Mother asserts the evidence does not support the court's findings that she "repeatedly refused to meaningfully engage Father in joint decision-making" and did not timely notify Father about medical appointments or consult him about vaccinations. Mother cites Trial Exhibit 127, which includes messages about the child that Mother sent to Father from April to September 2018. Regardless, the record contains evidence that supports the court's findings. Father testified that Mother placed "no value" on his relationship with the child and that she had conditioned Father's time with the child on him meeting her financial demands. He explained that Mother had not allowed him to attend prenatal appointments, did not notify him when she went into labor, did not identify him as the child's father on the birth certificate, and specifically chose a name for the child that Father told her he did not want. In addition, Mother admitted on cross-examination that she withheld the child from Father, restricted his parenting time and refused him access to the child unless he provided baby and food supplies. There was also evidence Mother did not timely notify Father about the child's medical appointments and informed him about vaccination decisions only after the vaccinations had been given or declined. Father's expert opined that Mother does not value Father's relationship with the child; she refused to facilitate his contact with the child; and her behaviors "could ultimately escalate to parental estrangement or alienation."

¶16      Mother contends that because the superior court did not afford her additional time at the hearing, she was denied the opportunity to present evidence that would have supported a different result. She claims she would have offered evidence to support her position that she was justified in withholding the child from Father during his May 2018 parenting time because the child exclusively nursed. Yet, the court conducted an evidentiary hearing on this issue in June 2018 and found Mother's position "unjustified." We also reject Mother's argument that the court's findings would have been different if it had considered evidence from Mother that the child was current on all vaccinations. The court found Mother had failed to engage Father in joint decision-making, citing, in part, her failure to consult with him regarding treatment plans for vaccinations. Mother's evidence that the child's vaccinations were current would not have changed that finding. Finally, Mother's claim she would have testified

that she allowed Father to stay at her house in December 2018 so he could spend time with the child also would not have materially undermined the evidence supporting the court's decision that Mother made it difficult for Father to have frequent, meaningful, and continuing contact with the child.

¶17        Mother also argues the superior court's finding that Father made significant efforts to develop a relationship with the child, is contradicted by the finding in its attorneys' fees analysis that Father acted unreasonably by failing to comply with the temporary orders regarding child support and parenting time. These findings, however, are not inconsistent. Father testified that his income changed during the proceedings because he had to reduce his work responsibilities to facilitate his parenting time, leaving him unable to pay temporary child support. This evidence allowed the court to conclude that Father's failure to comply with the temporary child support order was a result of his efforts to develop a relationship with the child and does not undermine the court's finding about those efforts. The evidence also established that, despite Mother's attempts to restrict Father's parenting time, he repeatedly sought to be part of the child's life. The court's finding that Father did not fully adhere to the temporary orders does not negate its finding that he made a significant effort to establish a relationship with the child.

¶18        The record contains sufficient evidence to support the superior court's findings and we see no abuse of discretion. *See Nold*, 232 Ariz. at 273, ¶ 11; *Little*, 193 Ariz. at 520, ¶ 5. Mother has not shown the outcome would have been different if the court had granted her additional time to present evidence. *See Volk*, 235 Ariz. at 470, ¶ 26 ("Due process errors require reversal only if a party is thereby prejudiced.").

¶19        Finally, Mother asks this court to vacate the superior court's award of additional attorneys' fees to Father. Because she has shown no abuse of discretion in the court's award, we deny Mother's request. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019) (appellate court reviews attorneys' fees award for an abuse of discretion).

**CONCLUSION**

¶20        For the foregoing reasons, we affirm the superior court's legal decision-making and parenting time order.

¶21        Father requests an award of his attorneys' fees and costs on appeal, citing Arizona Rule of Civil Appellate Procedure ("Rule") 25 and A.R.S. § 25-324. An appellate court may award attorneys' fees under Rule 25 as a sanction for violation of the Rules or if it determines that an appeal

is frivolous or filed solely for the purpose of delay. Section 25-324 permits a court to award attorneys' fees after it considers the parties' financial resources and the reasonableness of their positions throughout the litigation. We deny Father's request for an award of attorneys' fees, but award him costs on appeal upon compliance with Rule 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA