NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LARRY C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, K.P., *Appellees*.

No. 1 CA-JV 20-0215

FILED 1-5-2021

Appeal from the Superior Court in Maricopa County
No. JD36550
The Honorable Bernard C. Owens, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**S W A N N**, Chief Judge:

¶1 Larry C. ("Father") appeals the superior court's order terminating his parental rights to his daughter, K.P.[1] He contends that the court improperly delegated its fact-finding duty to the Department of Child Safety ("DCS"). The record reveals otherwise. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 For six years, including at the time of K.P.'s birth in September 2018, Father chronically abused methamphetamine and heroin. K.P. was born substance-exposed, and after an unsuccessful in-home dependency, DCS took custody of her and filed a dependency petition. The superior court granted the petition and set concurrent case plans of family reunification and severance and adoption.

¶3 DCS provided Father with substance-abuse testing, substance-abuse treatment, and a parent aide during visits. DCS also asked Father to engage in family treatment court and parenting classes. Father participated inconsistently in services, missing most of his substance-abuse group sessions and continuing to abuse amphetamine, methamphetamine, opiates, codeine, morphine, and heroin.

¶4 In March 2020, DCS moved to terminate Father's parental rights under A.R.S. § 8-533(B)(3) and (B)(8)(c) based on his substance abuse and K.P.'s out-of-home placement for fifteen months or longer. In June, the superior court held a termination hearing. There, following a detailed colloquy with the court, Father made a knowing and voluntary waiver of his right to contest the allegations in the termination motion. After the close of evidence, the superior court orally made specific findings of fact and conclusions of law consistent with the termination of Father's parental

---

[1] The court also terminated the parental rights of K.P.'s biological mother, but she is not a party to this appeal.

rights, and directed DCS to file a proposed order reflecting those factual findings and conclusions of law. DCS did so, and in July 2020, the superior court issued its final order terminating Father's parental rights on the grounds alleged. Father appeals.

## DISCUSSION

**¶5**        Father contends that the superior court violated his due process rights because it "completely delegated its fact-finding function" to DCS by "simply sign[ing]" DCS's proposed termination order "without making a single addition, subtraction, or alter[ ]ation." DCS responds that Father waived this argument by not objecting either to DCS lodging a proposed order or to any specific proposed findings in the order. The decision to apply waiver is discretionary, and we decline to apply waiver here because Father raises a pure issue of law. *See Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶¶ 10–11 (App. 2018).

**¶6**        We review the interpretation of court rules and questions of due process de novo. *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 442, ¶ 15 (2018). "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner . . . ." *Cruz v. Garcia*, 240 Ariz. 233, 236 ¶ 11 (App. 2016) (citation omitted). Ariz. R.P. Juv. Ct. ("Rule") 66(D)(1) allows a parent to "waive the right to trial on the allegations contained in the motion or petition for termination of parental rights by admitting or not contesting the allegations." If the court accepts a plea of no contest as knowing, intelligent, and voluntary, and determines that the movant or petitioner has met its burden of proof, it must make specific written findings of fact in support of the termination. A.R.S. § 8-538(A); Rule 66(D)(1)(d), (F)(2)(a). "The primary purpose for requiring a court to make express findings of fact and conclusions of law is to allow the appellate court to determine exactly which issues were decided and whether the lower court correctly applied the law." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240, ¶ 24 (App. 2012).

**¶7**        Here, Father fails to show that the superior court delegated its fact-finding duty to DCS. The court made oral findings on the record consistent with the termination of Father's parental rights before asking DCS to lodge a proposed order, which the court was free to accept, reject, or amend. Nothing in the record suggests that the court automatically adopted the proposed order. To the contrary, the court's ultimate decision to adopt the proposed order with a minor clerical correction suggests that it reviewed the proposed order carefully. The order is written and provides

sufficient findings for appellate review.[2]  Accordingly, on this record, we reject Father's contention that the court improperly delegated its fact-finding authority to DCS.

**CONCLUSION**

¶8        We affirm for the reasons set forth above.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2]        Though some of the factual findings were mislabeled as conclusions of law, that was a purely stylistic irregularity.