NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

LOUIE ESPINOZA VERDUGO, *Petitioner*,

*v.*

THE HONORABLE TODD F. LANG, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

ANMARIE AGUILAR, *Real Party in Interest*.

No. 1 CA-SA 23-0143
FILED 8-24-2023

———————————————

Appeal from the Superior Court in Maricopa County
No. FC2022-007503
The Honorable Todd F. Lang, Judge

**JURISDICTION ACCEPTED AND RELIEF GRANTED**

———————————————

COUNSEL

Cantor Law Group PLLC, Phoenix
By Caleb McKay
*Counsel for Petitioner*

Anmarie Aguilar, Phoenix
*Real Party in Interest*

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Judge Jennifer M. Perkins and Judge Daniel J. Kiley joined.

**H O W E**, Judge:

¶1        In this special action proceeding, Louie Verdugo ("Father") challenges the superior court's temporary orders awarding sole legal decision-making authority and primary physical custody of his minor child ("Child") to Child's maternal aunt, Anmarie Aguilar ("Aunt").

¶2        Special action jurisdiction is appropriate here because Father has "no equally plain, speedy, and adequate remedy by appeal." Ariz. R. P. Spec. Act. 1(a). Temporary orders are not directly appealable because they are "'merely preparatory to a later proceeding' that might affect the judgment or its enforcement." *Gutierrez v. Fox*, 242 Ariz. 259, 264 ¶ 12 (App. 2017) (citation omitted). We therefore accept special action jurisdiction, grant relief, and vacate the superior court's temporary orders because the superior court lacked jurisdiction to enter them.

**FACTS AND PROCEDURAL HISTORY**

¶3        Father and Genevieve Aguilar ("Mother") are the biological parents of Child, born in 2007. According to Father's petition, he never married Mother. Mother was Child's primary caretaker. Father never petitioned the family court for decision-making authority or parenting time. He exercised parenting time with Child whenever Mother would allow him. When Mother did not allow him to exercise parenting time, he still communicated with Child through phone calls and text messages. Mother died in 2021. After Mother died, Child resided with Aunt. Father sought to have contact with Child but Aunt refused. Father then petitioned the family court for legal decision-making authority and parenting time. During the family court proceeding, the court appointed Child a Best Interests Attorney ("BIA"). The BIA then petitioned the juvenile court to adjudicate Child dependent as to Father. Father moved to dismiss the dependency petition.

¶4        The superior court held an evidentiary hearing. At the hearing, the court heard arguments from Father, Child's guardian ad litem

("GAL"), the BIA, and the Department of Child Safety. Father argued that Child was not dependent as to him because he was able to provide food, clothing, shelter, supervision, and medical care for Child. He pointed to the statement in the Department's report that he was willing and able to parent Child and that safety concerns did not exist. He also pointed to the text messages between him and Child—which he asserted showed a close and caring relationship between them—as evidence that Child was not dependent as to him.

¶5        The BIA then argued that the dependency petition should not be dismissed because of safety concerns. The BIA proffered Child's statements about Father "brush[ing] her bottom" and "reach[ing] into the shower and touch[ing] her while she was taking a shower." The BIA also stated that the text messages between Father and Child were misleading because Mother had encouraged Child to communicate with and be kind to Father so he would send them money. Finally, the BIA proffered that Child would run away or suffer severe anxiety if placed with Father. The GAL also argued that the dependency petition should not be dismissed because of safety concerns. The GAL pointed out that Aunt had not filed a third-party-rights petition and if the dependency petition was dismissed, "no one's going to have legal authority over [Child], and that [was] very concerning." The Department stated that it was requesting a guardianship and that it objected to dismissing the dependency petition.

¶6        After hearing the arguments, the court stated that, "I still haven't heard one reason why [Father was] not a fit parent. All I've heard is it's in [Child's] best interest[s]. And I agree, but that is [a] Family Court [issue]. That is not—that has nothing to do with a dependency." It therefore granted Father's motion. It then stated that it was taking temporary jurisdiction over the family court case and awarded Aunt sole legal decision-making authority over Child. The court found, under A.R.S. § 25–409(B), that "it ha[d] heard clear and convincing evidence that legal decision making to Father [was] not consistent with [Child's] best interests." Under A.R.S. § 25–409(A)(2), and (4), it found that "it would be significantly detrimental" to Child to be placed with Father and that Mother was deceased.

¶7        After the hearing, the court, sua sponte, initiated a new family court case in which it listed Aunt as the petitioner. For this new family case, the court issued a minute entry memorializing the findings and rulings it made at the hearing on the motion to dismiss the dependency petition. It entered temporary orders awarding sole legal decision-making authority and primary physical custody to Aunt, and supervised visitation to Father.

The court's order provided that the orders were to remain temporary until May 13, 2023. The orders would become final without further notice or action if neither party moved to modify the orders by May 13, 2023. On May 12, 2023, Father moved to modify the superior court's temporary orders. This special action followed. Father then moved to stay the proceedings in the superior court pending this special action. The court granted Father's motion and stayed the proceedings.[1]

**DISCUSSION**

**¶8**　　　　Father argues that the superior court erred in entering temporary orders awarding sole legal decision-making authority and primary physical custody to Aunt. He contends that the court abused its discretion in entering such orders without (1) a petition for third party rights or a motion for temporary orders, and (2) a hearing. Aunt has not responded to Father's petition, which may be considered a confession of error. *See Gibbons v. Indus. Comm'n of Ariz.*, 197 Ariz. 108, 111 ¶ 8 (App. 1999). But in our discretion, we will decide this case on its merits. *See id.* We review de novo whether the superior court had statutory or other authority to issue the temporary orders. *Tanner v. Marwil in & for Cnty. of Maricopa*, 250 Ariz. 43, 45 ¶ 9 (App. 2020); *Duckstein v. Wolf*, 230 Ariz. 227, 231 ¶ 8 (App. 2012).

**¶9**　　　　A "petition" is "the initial pleading that begins a family law case." Ariz. R. Fam. Law P. 23. A person other than a parent may petition for legal decision-making and parenting time. A.R.S. § 25–402(B)(2). A person seeking legal decision-making or parenting time, however, must do so "by filing a petition for third party rights under A.R.S. § 25–409." *Id.* Thus, the superior court has jurisdiction to award legal decision-making authority and parenting time to a third party only if that third party petitions for third party rights under A.R.S. § 25–409. *See* A.R.S. § 25–402; *Sheets v. Mead*, 238 Ariz. 55, 57 ¶ 9 (App. 2015) (explaining that the superior court's "power to conduct visitation and parenting time proceedings is provided by A.R.S. § 25–402").

---

[1]　　　　Father's motions and the superior court's order on the motion to stay the proceedings do not appear in our record. However, we take judicial notice of them because they are relevant to our special action jurisdiction. *See* Ariz. R. Evid. 201(b)(2) (court may judicially notice any fact that may be accurately determined "from sources whose accuracy cannot reasonably be questioned"); *AU Enterprises Inc. v. Edwards*, 248 Ariz. 109, 110 ¶ 3 n. 2 (App. 2020).

¶10 The superior court here erred in entering temporary orders, awarding sole legal decision-making authority and primary physical custody to Aunt. The court initiated the family court case sua sponte, listed Aunt as petitioner, and entered the temporary orders. But Aunt never petitioned for third party rights under A.R.S. § 25–409. She never consented to or took any actions to be listed as petitioner. Aunt was not even present at the evidentiary hearing on Father's motion to dismiss the dependency petition, when the court first pronounced its orders. The trial court therefore erred when it entered the temporary orders without first receiving a petition for third party rights.

¶11 The superior court found that awarding legal decision-making authority to Father was not in Child's best interests. The court, however, cannot exercise jurisdiction over a case that was not properly initiated. The Arizona Legislature granted the superior court jurisdiction to conduct proceedings concerning legal decision-making and parenting time brought—through a petition—by "a person other than a parent." A.R.S. § 25–402. Without such a petition, the court has no jurisdiction to award legal decision-making and parenting time over a child to a third party. *See Fenn v. Fenn*, 174 Ariz. 84, 87 (App. 1993) ("Courts may do many things in the best interests of children, but they cannot advance such interests by exercising jurisdiction that they lack."). The superior court therefore lacked jurisdiction and any orders it issued are void. *Martin v. Martin*, 182 Ariz. 11, 15 (App. 1994) ("A judgment or order is 'void' if the court entering it lacked jurisdiction.").

¶12 Even if the court had jurisdiction, the court's orders would still not stand. "[A] parent is entitled to due process whenever his or her custodial rights to a child will be determined by a proceeding." *Smart v. Cantor*, 117 Ariz. 539, 542 (1977) (citation omitted). Due process entitles "a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner, as well as a chance to offer evidence and confront adverse witnesses." *Cruz v. Garcia*, 240 Ariz. 233, 236 ¶ 11 (App. 2016) (internal quotation and citation omitted). Due process "requires that when there are disputed issues of fact as to a child's best interests, the court must allow the parties to present evidence before making its findings." *Id.* at 237 ¶ 16 (internal quotation and citation omitted).

¶13 Rule of Family Law Procedure ("Rule") 47 establishes the procedural guidelines that protect parties' due process rights. Rule 47 provides that: (1) "[u]pon receiving a motion for temporary orders . . . , the court must schedule a resolution management conference unless the parties agree," and (2) if "issues remain that require an evidentiary hearing

concerning temporary orders, the court must schedule an evidentiary hearing on those issues." *See* Rule 47(c)(1). Rule 47 also (1) requires that the court set the conference or hearing no later than 30 days after the motion is filed, and (2) prohibits the court from resolving disputed issues of fact at any hearing other than an evidentiary hearing on the temporary orders, without the parties' consent. *Id.*

¶14         Here, the court did not receive a motion for temporary orders and did not follow any of Rule 47's procedural requirements. The court failed to hold a management conference or an evidentiary hearing on the temporary orders. The court also decided disputed issues of facts at an evidentiary hearing on a different issue in a different case. The evidentiary hearing where the court entered the temporary orders was not an evidentiary hearing on the temporary orders; it was an evidentiary hearing on Father's motion to dismiss the dependency petition. The court therefore violated Rule 47's directives. By violating Rule 47's directives, the court did not offer Father an opportunity to be heard in a meaningful time or manner and thus violated his due process rights.

## CONCLUSION

¶15         For the foregoing reasons, we accept jurisdiction, grant relief, and vacate the superior court's temporary orders.

