NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

GLEN AARON REYNOLDS, *Petitioner/Appellant*,

*v.*

KORINA DARLENE SPENCER, *Respondent/Appellee*.

No. 1 CA-CV 23-0399 FC
FILED 4-4-2024

Appeal from the Superior Court in Mohave County
No. S8015DO202300237
The Honorable Megan A. McCoy, Judge

**VACATED AND REMANDED**

COUNSEL

Glen Aaron Reynolds, Lake Havasu City
*Petitioner/Appellant*

Korina Darlene Spencer, Snowflake
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

_____

**M c M U R D I E**, Judge:

¶1         Glen Aaron Reynolds ("Father") appeals the superior court's June 2023 legal decision-making and parenting time orders. We vacate and remand for new findings on whether Father committed significant domestic violence under A.R.S. § 25-403.03.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Korina Darlene Spencer ("Mother") and Father are the parents of five minor children. In 2021, the parties divorced in Wyoming. The decree granted the parties joint legal decision-making and designated Father the primary residential parent, with Mother to have reasonable visitation with the children.

¶3         In March 2023, the parties registered their Wyoming child custody order in Arizona. And Arizona accepted jurisdiction from Wyoming for all child custody determinations between the parties. Father then petitioned to modify the legal decision-making authority and parenting time. Father alleged that Mother held the children past her allotted summer visitation time and was continuing to withhold them. He requested sole legal decision-making authority, with Mother to have no contact with the children.

¶4         The superior court held a trial on Father's petition, and Mother and Father testified. The court admitted allegations of Father's domestic violence against the children, including allegations made to the Wyoming Department of Family Services. The evidence did not include the Wyoming department's findings.

¶5         In June 2023, the court entered its order. It completed a best-interests analysis and noted that the Wyoming Department of Family Services had substantiated certain domestic violence allegations against Father. The court found, under A.R.S. § 25-403.03(A), that Father "committed acts of domestic violence against the children, and such were

significant domestic violence and a significant history of domestic violence occurring over a lengthy period of time." It found that "there is an irrebuttable preclusion from awarding joint legal decision making." The court awarded Mother sole legal decision-making authority and designated her the primary residential parent, with Father to have supervised parenting time every other weekend.

¶6        Father appealed the order, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶7        We review an award of legal decision-making and parenting time for an abuse of discretion. *Olesen v. Daniel*, 251 Ariz. 25, 29, ¶ 14 (App. 2021); *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). A court abuses its discretion if it commits an error of law when reaching a discretionary decision or when the record does not support its decision. *DeLuna*, 247 Ariz. at 423, ¶ 9. We accept the court's factual findings unless they are clearly erroneous, but we review legal conclusions and the interpretation of statutes *de novo*. *Id.*

## A.        The Superior Court Violated Father's Due Process Rights by Relying on Domestic Violence Evidence Not Presented at Trial.

¶8        Father argues the superior court violated his due process rights when it made a finding under A.R.S. § 25-403.03(A) by relying on evidence not presented at trial. Specifically, he contends that the court may have relied on Wyoming's Department of Family Services Notice of Conclusions—the department's findings following an investigation of abuse allegations against Father. Father notes that the Notice of Conclusions was not filed until after the trial and that he was not given a chance to be heard by the court on the evidence. The Notice of Conclusions reads that Father has the right to request an administrative hearing on the findings. Father alleges in his opening brief that he requested an administrative hearing with the Wyoming Department of Family Services.

¶9        The Due Process Clause of the Fourteenth Amendment "protects parents' fundamental liberty interest in 'the care, custody, and management' of their children." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 238, ¶ 12 (App. 2012) (quoting *Santosky v. Kramer*, 455 U.S. 745, 753 (1982)). Due process entitles a party to notice, a meaningful opportunity to be heard and offer evidence, and a chance to confront adverse evidence. *Cruz v. Garcia*, 240 Ariz. 233, 236, ¶ 11 (App. 2016). "A family law judgment

rendered without notice and a meaningful opportunity to be heard cannot stand." *Id.* at 236, ¶ 12.

¶10        Here, the court explained its significant domestic violence finding under A.R.S. § 25-403.03(A) by stating:

> Mother and the children allege domestic violence and child abuse committed by Father toward the children. The allegation is that Father yells and has physically abused the children. These were substantiate[d] in the State of Wyoming by the Department of Family Services — including 1) physical abuse of [child] by pushing her to the ground and causing her to hit her head on the coffee table, 2) physical abuse of [child] by dragging the child down the stairs of the home, 3) physical abuse of [child] by grabbing the child by the throat as if strangling him, and 4) emotional abuse of all five children by acting out with violent outbursts toward the children, yelling, and making derogatory statements. These outbursts have continued in his visits during this case.

At the trial, the court admitted the Wyoming allegations only to corroborate that the Wyoming Department of Family Services was investigating the allegations. The allegations were also documented in an Arizona Department of Child Safety report to the juvenile court, which the court admitted at the trial. In the evidence presented at trial, the domestic violence allegations had not yet been substantiated. That the Wyoming Department of Family Services substantiated most of the allegations is a fact only present in the Notice of Conclusions filed after trial. Aside from the Notice of Conclusions, the record lacks evidence that the allegations were substantiated. And there is no record evidence of Father being allowed to be heard on the Notice of Conclusions.

¶11        Because the court's finding under A.R.S. § 25-403.03(A) relied on Wyoming's Department of Family Services' substantiated allegations, the court must have relied on the Notice of Conclusions. Such reliance was improper because Father was not provided a meaningful opportunity to be heard on that evidence. *See Cruz*, 240 Ariz. at 236, ¶ 12. The document submitted to the court after trial "cannot substitute for admissible exhibits and testimony subjected to adversary testing." *See id.* at 238, ¶ 17.

¶12        On this record, we cannot determine whether the court would have made a significant domestic violence finding under A.R.S. § 25-403.03(A) had it not considered that Wyoming's Department of Family

Services substantiated the allegations against Father. *See* A.R.S. § 25-403.03. Because there is a debatable issue and Mother failed to file an answering brief, we consider it a confession of reversible error. *See Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014).

**¶13**        The court denied Father due process by relying on the Notice of Conclusions without providing Father an opportunity to be heard. We remand for the court to make new findings under A.R.S. § 25-403.03. To satisfy A.R.S. § 25-403.03(A), the court must either make specific findings under A.R.S. § 13-3601 or find a significant history of domestic violence by a preponderance of the evidence. A.R.S. § 25-403.03(A). The court should allow either party the opportunity on remand to present additional evidence. *See Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 300, ¶ 35 (App. 2020).

**B.        The Superior Court Did Not Abuse Its Discretion by Not Applying the Rebuttable Presumption Under A.R.S. § 25-403.03(D).**

**¶14**        Father argues that the superior court abused its discretion by failing to make findings under A.R.S. § 25-403.03(D). He contends that after the court made its findings under A.R.S. § 25-403.03(A), it should have applied the rebuttable presumption under A.R.S. § 25-403.03(D) because he requested sole legal decision-making. We disagree.

**¶15**        A.R.S. § 25-403.03(D) provides the following in part:

> If the court determines that a parent who is seeking sole or joint legal decision-making has committed an act of domestic violence *against the other parent*, there is a rebuttable presumption that an award of sole or joint legal decision-making to the parent who committed the act of domestic violence is contrary to the child's best interests.

(Emphasis added.) The rebuttable presumption only applies when the parent seeking sole or joint legal decision-making committed an act of domestic violence against the other parent. A.R.S. § 25-403.03(D); *see also Olesen*, 251 Ariz. at 29, ¶ 15. Here, Father sought sole legal decision-making. Mother never alleged, and the court never found, that Father committed domestic violence against her. Thus, the court did not err by failing to analyze the presumption under A.R.S. § 25-403.03(D).

**¶16**        Father misunderstands the court's order when he argues that the court erred by finding an "irrebuttable preclusion" against awarding him sole legal decision-making. Rather, the court found that it was

precluded from awarding him joint legal decision-making under A.R.S. § 25-403.03(A), and then found it was in the children's best interests to award Mother sole legal decision-making after considering each factor under A.R.S. § 25-403. *See* A.R.S. § 25-403.03(F) ("If the court finds that a parent has committed an act of domestic violence, that parent has the burden of proving to the court's satisfaction that parenting time will not endanger the child or significantly impair the child's emotional development."); A.R.S. § 25-403.03(B) ("The court shall consider evidence of domestic violence as being contrary to the best interests of the child."). Although the court's finding under A.R.S. § 25-403.03(A) was insufficient, the court did not err in the order of its analysis.

## CONCLUSION

¶17 We remand for the superior court to make new findings under A.R.S. § 25-403.03(A). Father is entitled to his costs upon compliance with ARCAP 21 as the prevailing party.



AMY M. WOOD • Clerk of the Court
FILED: AA