NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ARIEL HARTER, *Petitioner/Appellee,*

*v.*

JONATHAN MICHAEL MOLINA, *Respondent/Appellant.*

No. 1 CA-CV 24-0730 FC

FILED 07-29-2025

Appeal from the Superior Court in Maricopa County
No. FC2018-002323
The Honorable Patricia A. Starr, Judge

**VACATED IN PART**

COUNSEL

Ariel Harter, Maricopa
*Petitioner/Appellee*

Jonathan Michael Molina, Maricopa
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**P A T O N**, Judge:

¶1        Jonathan Molina ("Father") appeals the superior court's order on legal decision-making, parenting time, and child support.  For the following reasons, we vacate the superior court's order except for its contempt ruling.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Ariel Harter ("Mother") married in September 2017 and have one child together ("Child").  Wife petitioned for dissolution of marriage in October 2018.  The resulting January 2020 dissolution decree, entered after trial, ordered joint legal decision-making authority with Father having final say, established a parenting time plan, and ordered Mother to pay Father $226 per month in child support.  The court later accepted the parents' stipulation to amend the parenting time plan.

¶3        In February 2022, Father filed a Notice of Intent to Relocate Minor Child based on his anticipated move to Texas for employment.  In response, Mother filed a Petition to Prevent Relocation.  In July 2023, Father moved back to Arizona and filed a Notice of Intent Not to Relocate and requested that Mother's Petition to Prevent Relocation be dismissed as moot.  Mother then filed both a Motion for Temporary Orders Regarding Legal Decision Making and Parenting Time and an Amended Petition to Prevent Relocation and to Modify Decision Making, Parenting Time and Child Support ("Amended Petition").  In August 2023, the superior court held a hearing and issued Temporary Orders based on the allegations in Mother's Amended Petition.

¶4        Mother then filed an Emergency Motion for Temporary Orders in October 2023.  After a November 2023 evidentiary hearing, the court declined to issue new temporary orders, leaving the August 2023 temporary orders in place, but ordered that Father be permitted "video parenting time calls with the child two times per week at 6:00 p.m. for 15 minutes on days as can be agreed upon by the parties[.]"

¶5            In February 2024, Father filed a Petition for Contempt, alleging Mother improperly denied him video parenting time calls and parenting time and was making medical and educational decisions inconsistent with the court's orders. On April 2, 2024, the court conducted a Resolution Management Conference ("RMC") on Father's contempt petition, and set an evidentiary hearing for late May 2024, later rescheduled without objection to July 2024.

¶6            Meanwhile, in late April 2024, Father filed an Emergency Motion for Temporary Orders regarding legal decision-making and parenting time, and child support. The court ordered an RMC on the Motion for Temporary Orders in conjunction with the already-scheduled evidentiary hearing on Father's Petition for Contempt.

¶7            After the July 2024 evidentiary hearing, the court issued a final order that denied Father's Petition for Contempt. That final order also altered the decree by ordering joint legal decision-making authority with Mother having final say, establishing a parenting time plan, ordering Father to pay Mother $771 per month in child support, and granting Mother a child support arrearage judgment for $5,888. Father moved for reconsideration, arguing that the court erred by entering temporary orders as final and including an arrearage judgment, which the court denied.

¶8            Father timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(2).

## DISCUSSION

¶9            Father argues he was denied due process because he had no notice that the July 2024 hearing would result in final orders on legal decision-making, parenting time, and child support, and that the court erred in awarding Mother arrearages. Father contends that he was not provided reasonable notice that the July 2024 evidentiary hearing would address or resolve anything other than his Contempt Petition. He argues that, had he received proper notice of the scope of the hearing, he would have requested additional time, called expert witnesses, and addressed all relevant issues.

¶10            We review due process claims de novo. *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014). The Fourteenth Amendment's Due Process Clause protects parents' fundamental liberty interest in their children's "care, custody, and management." *Cruz v. Garcia*, 240 Ariz. 233, 236, ¶ 11 (App. 2016) (citation omitted).

**¶11** "'Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner,' as well as a chance to offer evidence and confront adverse witnesses." *Id.* (citations omitted). "Because determinations of legal decision-making and parenting time rest upon the best interests of the child, it is 'necessary that the parties have time to prepare and present all relevant evidence to the court' before such orders are modified." *Id.* (citation omitted). "A family law judgment rendered without notice and a meaningful opportunity to be heard cannot stand." *Id.* at ¶ 12. Due process errors require reversal only if the party is prejudiced by the error. *Volk v. Brame*, 235 Ariz. 462, 470, ¶ 26 (App. 2014). As applied here, these legal directives show the final order against Father cannot stand.

**¶12** The order Father challenges was issued after the July 2024 evidentiary hearing. That evidentiary hearing was scheduled to address Father's February 2024 Petition for Contempt alleging Mother failed to comply with court-ordered video calls, prevented Father from exercising parenting time on a specific date, changed Child's dentist against Father's wishes, and changed Child's school without consulting Father.

**¶13** On April 2, 2024, the superior court conducted an RMC on Father's Petition for Contempt and scheduled an evidentiary hearing on that Petition in May 2024, allotting two hours of time. At the RMC, the court told Father: "The only way you're going to get quicker relief . . . is you can always file a motion for temporary orders."

**¶14** Before the evidentiary hearing, Father filed a Motion for Temporary Orders claiming, among other things, emergency circumstances in that Mother placed Child in the care of an allegedly violent person and requesting changes to decision-making, parenting time, and child support. The court ordered an RMC to be held on Father's Motion for Temporary Orders at the same time as the already-scheduled evidentiary hearing on his Petition for Contempt, stating:

> This Court set an evidentiary hearing on Father's Petition for Contempt for **May 30, 2024, 2024 at 10:00 a.m.**
>
> At that time, the Court will hold a Resolution Management Conference in conjunction with the *Motion for Temporary Orders* to determine whether an additional hearing needs to be set, or whether the allegations may be addressed in the hearing set on that date.

4

¶15 The court later continued the May 2024 evidentiary hearing to late July 2024 after Mother sought a continuance that Father did not object to and allotted two hours of time. There was no mention of any RMC on Father's Motion for Temporary Orders in that order resetting the contempt hearing.

¶16 The evidentiary hearing took place on July 23, 2024. There was no RMC or mention of Father's Motion for Temporary Orders during it. The court's minute entry memorializing the evidentiary hearing stated: "This is the time set for an Evidentiary Hearing regarding [Father's] *Petition for Contempt RE: Parenting Time and Legal Decision-Making*[,]" and did not mention Father's Motion for Temporary Orders or any other motion or petition at issue.

¶17 In the superior court's final order issued based on the July 2024 hearing, however, it states at the outset:

> This matter came before the Court on the *Amended Petition to Prevent Relocation and to Modify Decision-Making, Parenting Time and Child Support* filed July 25, 2023 by Petitioner Ariel Harter ("Mother"), the *Petition for Contempt Re: Parenting Time and Legal Decision-Making* filed February 16, 2024 by Respondent Jonathan Molina ("Father"), and the *Counter-Petition for Contempt and Enforcement of Child Support Order* filed by Mother on March 27, 2024. (emphasis added)

¶18 Although the final order states it considered Mother's Counter-Petition for Contempt and Enforcement of Child Support, we are unable to locate it in the record. Father argues on appeal that it was never served upon him, and he never received it. Mother mentioned her intention to file a Counter-Petition at the April 2, 2024 RMC and Father told the court he had not yet received it. Mother also discussed a Counter-Petition in her Amended Separate Pre-Trial Statement. That discussion, however, does not answer whether it was ever filed or served on Father or set for hearing — actions that are not reflected in the record.

¶19 Apart from any Counter-Petition that Mother might have filed, the court never set the July 2024 evidentiary hearing to include Mother's Amended Petition and never indicated its intention to rule on the Amended Petition as a result of the July 2024 evidentiary hearing as Section 25-411(L) requires. *See* A.R.S. § 25-411(L) (In seeking to modify legal decision-making or parenting time, the person filing such a motion "shall give notice . . . to other parties to the proceeding" and the court "shall set a

date for hearing on why the requested modification should not be granted."). And there were several opportunities to provide such notice, including (1) the May 2, 2024 RMC, (2) the order setting the evidentiary hearing on Father's Petition for Contempt, (3) the order setting an RMC on Father's Motion for Temporary Orders, (4) the order resetting the evidentiary hearing to July 23, 2024, and (5) the July 23, 2024 evidentiary hearing itself.

¶20        Father therefore did not have reasonable notice that the court intended to rule on Mother's Amended Petition, or make a final ruling on legal decision-making, parenting time, and child support at that hearing. Given this lack of notice, the court could not properly consider or rule on Mother's Amended Petition nor Counter-Petition for Contempt at the July 2024 hearing. And despite telling the parties it would hold an RMC on Father's Motion for Temporary Orders at the evidentiary hearing on Contempt, the court did not do so, nor did the court explicitly rule on Father's Motion for Temporary Orders.

¶21        It follows, then, that Father did not have sufficient notice that the July 2024 evidentiary hearing would result in a final order on legal decision-making, parenting time, and child support based on Mother's Amended Petition. *See Cruz*, 240 Ariz. at 237, ¶ 14. The course of the litigation, consisting of the parties' motions and the court's own orders, gave Father notice that his Petition for Contempt and potentially his Motion for Temporary Orders were at issue at the evidentiary hearing but nothing else. Therefore, he was not properly apprised of the pendency of the action the court would rule on or afforded an adequate opportunity to present his objections or claims. *See In re Rts. to Use of Gila River*, 171 Ariz. 230, 236 (1992) (citation omitted).

¶22        Father contends that although he was prepared for a temporary orders hearing, he would have requested more than the two hours allotted for the hearing and called expert witnesses had he received sufficient notice that final orders would result. Father could not prepare for and present evidence at the evidentiary hearing for a final ruling he was unaware would follow. And Father cannot now move to modify the final order for a year absent specific circumstances. A.R.S. § 25-411(A). Father has therefore suffered prejudice. *See Volk*, 235 Ariz. at 470, ¶ 26.

¶23        Because we find that Father was denied due process, the court's order on legal decision making, parenting time, and child support—including the arrearage judgment—is vacated. The ruling on contempt

stands because we do not have appellate jurisdiction to address such a challenge. *See In re Marriage of Chapman*, 251 Ariz. 40, 43, ¶ 10 (App. 2021).

## CONCLUSION

**¶24**        We vacate the portions of the superior court's order regarding legal decision-making, parenting time, and child support, which includes the arrearage judgment.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:         JR