NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

AMY JO DAURIO, *Petitioner/Appellant*,

*v.*

STEVEN L. DAURIO, *Respondent/Appellee*.

No. 1 CA-CV 20-0070 FC
1 CA-CV 20-0492 FC
FILED 5-20-2021

Appeal from the Superior Court in Maricopa County
No.  FC 2011-002723
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

APPEARANCES

Thomas P. Alongi PLLC, Phoenix
By Thomas P. Alongi
*Counsel for Petitioner/Appellant*

Steven L. Daurio, Phoenix
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

**¶1**        Amy Jo Garner ("Mother") appeals the superior court's denial of both her 2019 and 2020 petitions to modify legal decision-making and parenting time. For the following reasons, we affirm in part, vacate in part, and remand.

## BACKGROUND

**¶2**        Mother and Steven Daurio ("Father") divorced in 2012. They have one child, A.D., born in 2005. The decree of dissolution ordered "joint legal custody" and essentially equal parenting time. In 2016, Mother petitioned for modification of legal decision-making and parenting time, alleging Father was abusive towards their child. In 2017, Father also requested modification, asserting Mother had a history of making false allegations, denying Father contact with A.D., and attempting to alienate A.D. from Father.

**¶3**        After an evidentiary hearing, the superior court found it was in A.D.'s best interests to grant Father sole legal decision-making authority (the "2017 Order"), reasoning in part that Mother had "actively thwart[ed] efforts for the child to have contact or a healthy relationship with Father." The court also found that Father's relationship with A.D. could improve by restricting Mother's parenting time and thus the court imposed a six-phase parenting time plan. After Father and A.D. completed an intensive intervention, Mother would have no contact with A.D. for at least 30 days. Then she would be able to regain parenting time when the therapeutic interventionist believed it was in A.D.'s best interests. Mother would begin with biweekly, three-hour visits. Upon reaching the final, sixth phase, Mother would have unsupervised parenting time every first, third, and fourth weekend of the month, and share roughly equal time with Father during summers and holidays.

**¶4**        The family progressed through all six phases outlined in the 2017 Order. Mother then petitioned for a modification of parenting time

2

and legal decision-making, asserting her progress through all six phases indicated a material change in circumstances.

¶5 In December 2019, despite finding that Mother had "substantially complied" with the 2017 Order, the superior court denied her petition to modify (the "2019 Order"). As to parenting time, the court reasoned that Mother's compliance had been presumed, A.D. was thriving under the current plan, and it was not "in the child's best interest to change a plan under which he is currently thriving." The court also considered "how much parenting time is already afforded Mother under said plan." Addressing legal decision-making, the court found Mother continued to make A.D. feel guilty about spending time with Father. Mother timely appealed the 2019 Order.

¶6 Only days later, Father discharged a taser while quarreling with A.D. A.D. texted Mother that Father had purposefully fired the taser at him. In response, Mother requested temporary emergency orders and petitioned to modify parenting time and legal decision-making. At a hearing on the temporary orders, Father testified he was trying to secure the taser and keep it safe from A.D. when the device accidentally discharged. The superior court found Father's testimony credible and issued an order (the "2020 Order") denying Mother's requests for temporary orders. In the same minute entry, the court also dismissed Mother's petition for permanent modifications to parenting time and legal decision-making. Mother timely appealed the dismissal of her petition, and the two appeals were consolidated.[1]

## DISCUSSION

### A. The 2019 Order

¶7 We review modification of parenting time and legal decision-making orders for an abuse of discretion. *Baker v. Meyer,* 237 Ariz. 112, 116, ¶ 10 (App. 2015). We view the evidence in the light most favorable to upholding an order and will affirm if the order is supported by reasonable

---

[1] Although Father has filed pleadings in the superior court and represented himself at the evidentiary hearings at issue here, he did not file an answering brief. We could consider this failure a concession of the errors asserted by Mother. *See State ex rel. McDougall v. Superior Court*, 174 Ariz. 450, 452 (App. 1993). But given the interests at stake, in our discretion we consider the merits of the appeal. *Cardoso v. Soldo*, 230 Ariz. 614, 616, ¶ 4 n.1 (App. 2012).

evidence. *See Vincent v. Nelson,* 238 Ariz. 150, 155, ¶ 17 (App. 2015). When considering a petition to modify parenting time and legal decision-making, the superior court engages in a two-step analysis by determining (1) whether a change in circumstances occurred that materially affects the child's welfare, and, if so, (2) whether the child's best interests require a change in custody. *Christopher K. v. Markaa S.,* 233 Ariz. 297, 300, ¶ 15 (App. 2013) (citation omitted).

### 1.    Parenting Time

**¶8**        As a general rule, "the court shall adopt a parenting plan that . . . maximizes [the parents'] respective parenting time," so long as it is consistent with the child's best interests. A.R.S. § 25-403.02(B); *see also* A.R.S. § 25-103(B)(1) ("[A]bsent evidence to the contrary, it is in a child's best interest . . . [t]o have substantial, frequent, meaningful and continuing parenting time with both parents.")

**¶9**        Here, the superior court found no material change in circumstances as to parenting time because, in part, the 2017 Order contemplated Mother's compliance and it was not in A.D.'s "best interest to change a plan under which he is currently thriving." Mother argues the superior court erred by considering best interests to determine whether a material change in circumstances occurred.

**¶10**        Under the material change analysis, a court looks to whether any changes affect the welfare of the child. *See Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020). "Whether the changes are ultimately positive or negative is immaterial to the change-of-circumstances inquiry." *Id*. at ¶ 16. Thus, a court only proceeds to a best interests analysis after finding a material change in circumstances. *See id*. at ¶ 14. Here, the superior court found that Mother had substantially complied with the 2017 Order, indicating her actions and behavior were significant enough that the court-appointed therapist approved the transition between the six phases. Yet the court found no material change in circumstances, relying in large part on best interests evidence—how well A.D. was doing under the current plan. Thus, we vacate the 2019 Order denying Mother's petition for modification of parenting time.

### 2.    Legal Decision-Making

**¶11**        Similar to parenting time, the superior court is obligated to "adopt a parenting plan that provides for both parents to share legal decision-making regarding their child," to the extent it is consistent with the child's best interests. A.R.S. § 25-403.02(B).

¶12        Mother argues her progress through the six phases of the 2017 Order indicates there was a material change in circumstances. She also points to the family's self-reported progress in therapy, and her son's statements to the therapist that he would like to return to a 50/50 plan.

¶13        To show a material change in circumstances, Mother must prove the purported change (1) affects the child's welfare and (2) "justifies departing from the principles of *res judicata* underlying the order currently in place." *Backstrand*, 250 Ariz. at 344, ¶ 16. The record includes reasonable evidence, however, that Mother still makes A.D. feel guilty for spending time with Father. For instance, Mother said her feelings were hurt when A.D. asked to spend another night at Father's house, adding that A.D. should not ask her for money. Thus, we affirm the 2019 Order's decision as to legal decision-making.

### B.        The 2020 Order

¶14        In this consolidated appeal, Mother also argues the superior court erred when it dismissed her 2020 petition to modify parenting time and legal decision-making after only holding a hearing on temporary orders. She contends this dismissal violated her due process rights. "[A] parent is entitled to due process whenever his or her custodial rights to a child will be determined by a proceeding." *Smart v. Cantor*, 117 Ariz. 539, 542 (1977) (citation omitted). "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner . . . [and] to offer evidence and confront adverse witnesses." *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006) (citations omitted).

¶15        To support her argument, Mother cites *Cruz v. Garcia*, in which we held the trial court violated due process by issuing an order on legal decision-making after conducting a trial that only covered parenting time. 240 Ariz. 233, 237, ¶¶ 14–16 (App. 2016). Mother also cites *Cook v. Losnegard*, where we concluded the trial court violated due process when it ruled on child support after a hearing limited to a custody determination. 228 Ariz. 202, 205–06, ¶¶ 16–19 (App. 2011). Mother contends her due process rights were likewise violated because the superior court issued an order on permanent modifications after only holding a hearing on temporary orders.

¶16        Mother's reliance is misplaced. In both *Cruz* and *Cook*, we held due process was violated because the trial court held a hearing on one issue, but then decided another. *See Cruz*, 240 Ariz. at 237, ¶¶ 14–16; *Cook*, 228 Ariz. at 205–06, ¶¶ 16–19. Here, Mother sought the same relief for the

same reasons in her motion for temporary orders and her petition to modify—a change in parenting time and legal decision-making because Father allegedly assaulted A.D. Mother had an unfettered chance to make her arguments and present her evidence at the temporary orders hearing.

¶17    The superior court also has discretion as to whether holding a hearing on a petition to modify is necessary. Under A.R.S. § 25-411(L), "[t]he court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the pleadings, in which case it shall set a date for hearing on why the requested modification should not be granted." The purpose of requiring adequate cause "is to spare the parties and the child the cost, disruption, and potential trauma of a full modification hearing." *DePasquale v. Superior Ct.*, 181 Ariz. 333, 335 (App. 1995). But the court has discretion to hear arguments and take evidence to reach a more informed decision. *Id.* Because the court had already heard evidence at the temporary orders hearing on the alleged assault and accepted Father's version of the incident, Mother was not entitled to another evidentiary hearing on the petition to modify addressing the same issues. Thus, the court did not violate her due process rights by failing to hold such a hearing.

¶18    Mother argues nonetheless that because the superior court limited the March 2020 hearing to only her request for temporary orders, she did not pursue her argument that Father had retaliated against her for filing the 2020 requests for temporary and permanent modifications. Mother contends she was not given a meaningful opportunity to be heard on that issue. Her request for permanent modification, however, was based only on the alleged assault. Mother never filed an amended petition or an additional petition raising the retaliation issue. Because the issue was outside the scope of her petition to modify, the court did not violate Mother's due process rights. *See* A.R.S. § 25-411(L) (noting that a petition to modify should be denied unless "adequate cause . . . is established by the pleadings").

¶19    Finally, Mother points out that the superior court informed the parties that it considered Father's pro per response to Mother's petition to modify as a motion to dismiss. Therefore, the court invited Mother to file a response no later than March 24, 2020, but nonetheless issued its ruling on March 11. Mother contends the court violated her due process rights by dismissing the case before receiving the invited response.

¶20    We disagree. Though a non-moving party has a right to respond to a motion, *see* Ariz. R. Fam. L. P. 35(a)(3), Mother already

6

presented her argument and evidence on the alleged assault at the temporary orders hearing. Thus, while the court erroneously ruled before Mother filed her response, the error does not require reversal. Due process requires that a party receive adequate notice and an opportunity to be heard on the issue. *Curtis*, 212 Ariz. at 312, ¶ 16. As noted, Mother already had the opportunity to be heard on the dispositive issue of her motion for permanent modifications, the alleged assault with the taser. Because the court already decided this dispositive issue, finding the incident to be accidental, the court did not violate Mother's due process rights by ruling on the petition before she could file her response to the motion to dismiss.

## CONCLUSION

**¶21**        We affirm the superior court's denial of Mother's 2019 and 2020 petitions to modify legal decision-making. We vacate the court's order denying Mother's 2019 petition to modify parenting time and remand for further proceedings. On remand, the court shall reconsider the petition for modification of parenting time in light of current circumstances. Mother requests attorneys' fees and costs under A.R.S. §§ 25-324(A), -415(A)(2). In our discretion, we deny her request.

