NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DANA ANDERSON, *Petitioner/Appellee*,

*v.*

RYAN WALLACE, *Respondent/Appellant*.

No. 1 CA-CV 24-0460 FC

FILED 05-06-2025

Appeal from the Superior Court in Navajo County
No. S0900DO202300269
The Honorable Melinda K. Hardy, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Law Office of Michael S. Brogan, Show Low
By Michael S. Brogan
*Counsel for Petitioner/Appellee*

Aspey Watkins & Diesel, PLLC, Flagstaff
By Zachary J. Markham & Zacharias N. Hope
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Judge Michael J. Brown joined.

_____

**M c M U R D I E**, Judge:

¶1   Ryan Wallace ("Father") appeals from the superior court's orders on legal decision-making authority, parenting time, child support, and attorney's fees. We vacate and remand the child-support orders because the court did not make the necessary findings. We affirm all other orders except the order denying Father's request for attorney's fees because it is not a final order, and we lack appellate jurisdiction to consider it.

**FACTS AND PROCEDURAL BACKGROUND**

¶2   Father and Dana Anderson ("Mother") have one child born in 2020. Mother has an older daughter from another relationship. The parties and children lived together consistently until early 2022 and intermittently until late 2022. During the summer of 2022, Father was addicted to fentanyl. In late November 2022, Father moved to Wisconsin to work on overcoming his drug addiction. Mother bought his plane ticket, and the parties later discussed her joining him in Wisconsin.

¶3   Once in Wisconsin, Father worked and, according to him, stopped using drugs. Father returned to Arizona in July or August 2023 because he had not spoken to his child in over a month. He was also concerned because Mother's daughter told him that Mother's live-in boyfriend, Axel Ortiz, was abusing the children.

¶4   In August 2023, Mother petitioned to establish sole legal decision-making authority, parenting time, and child-support orders. Over the next weeks, both parties filed a flurry of temporary motions with and without notice. At first, Father sought an emergency temporary order without notice, alleging that Ortiz hit the parties' child and that Mother and Ortiz did not let Father see the child. He also alleged, based on his conversations with Ortiz's ex-girlfriend (who became Father's fiancée), that Ortiz had a history of domestic violence. In response to the motion, the court issued a temporary order without notice awarding sole physical custody of the child to Father and scheduled a temporary-orders hearing

for September 12, 2023. The court issued a separate order directing Mother to deliver the child to Father. Father filed a similar motion for temporary orders with notice.

**¶5**         Mother immediately sought temporary orders with and without notice. She alleged that Father was a drug addict, had a history of domestic violence, had only recently returned to Arizona, and did not have a stable living situation. A different judge declined Mother's request for temporary orders without notice but confirmed the September 12 temporary-orders hearing.

**¶6**         When Mother did not allow Father to take the child as ordered, Father petitioned to hold Mother in contempt and to enforce the order awarding him emergency temporary custody. The court found that Father's petitions did not comply with the applicable Rules of Family Law Procedure but confirmed the September 12 hearing.

**¶7**         At the temporary-orders hearing, the superior court awarded sole legal decision-making authority to Mother and granted Father "reasonable" supervised parenting time. The court also ordered the child not to have unsupervised contact with Ortiz. The court did not order temporary child support. Finally, the court ordered Father to take a hair-follicle drug test.

**¶8**         After the trial on the petitions, the superior court awarded Mother sole legal decision-making authority. It gave Father one day a week of supervised parenting time, with the possibility of unsupervised parenting time after he completed a batterer's intervention program, a drug-abuse counseling program, and a parenting class. The court ordered Father to pay $400 monthly in child support and $2,000 in unpaid past child support. The court awarded attorney's fees to Mother in an amount to be determined after Mother filed a fee application and affidavit.

**¶9**         Father moved to alter or amend the ruling, arguing the evidence did not support the court's findings and that he was entitled to unsupervised parenting time because he completed the court-ordered programs. But Father had only filed a certificate showing he had completed a co-parenting class.

**¶10**         Although Father eventually completed additional programs, that was not the record before the court when it denied the motion. The denial order included language under Arizona Rule of Family Law Procedure ("Rule") 78(b) certifying it as final and appealable even though

the court had not yet determined the amount of the attorney's fees award. Soon after, Father timely filed his appeal.

## DISCUSSION

### A.    This Court Lacks Appellate Jurisdiction Over the Attorney's Fee Award.

**¶11**         "We have an independent duty to examine whether jurisdiction exists over matters on appeal." *Hernandez v. Athey*, 256 Ariz. 530, 532, ¶ 3 (App. 2023). The superior court issued a signed order resolving legal decision-making authority, parenting time, and child support. This order also granted Mother's request for attorney's fees but did not determine the specific amount of the fee award. All the same, the court found no just reason for delay and directed entry of a final judgment, citing Rule 78(b). After denying Father's motion to alter or amend, the court again cited Rule 78(b).

**¶12**         An award of attorney's fees is a single claim. *Hernandez*, 256 Ariz. at 533, ¶ 7. "Until the court makes the entitlement <u>and</u> awards an amount, the court cannot certify any portion of the attorney-fees claim under Rule 78(b)." *Id.* at ¶ 8. Father cannot appeal the award of attorney's fees until that entire claim is resolved. *Id.* at ¶ 9. Thus, we lack jurisdiction over the attorney's fees issue but have jurisdiction over the other issues under Rule 78(b) and Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

### B.    The Evidence Supports the Court's Best-Interests Findings.

**¶13**         Father argues the superior court misapplied the best-interests factors in A.R.S. §§ 25-403, -403.03, and -403.04. We review legal decision-making and parenting-time orders for an abuse of discretion. *Nold v. Nold,* 232 Ariz. 270, 273, ¶ 11 (App. 2013). An abuse of discretion exists when the record, viewed in the light most favorable to upholding the superior court's ruling, "is devoid of competent evidence to support the decision." *Little v. Little,* 193 Ariz. 518, 520, ¶ 5 (1999) (quotation omitted). We do not reweigh conflicting evidence and defer to the superior court's credibility determinations. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶¶ 15-16 (App. 2009).

**¶14**         Father argues that the superior court did not cite the evidence it relied on to support several of its best-interests findings. The duty to make written findings about each factor does not necessarily require the court to cite all evidence in the record for each finding. *See* A.R.S. § 25-403(B). Although doing so is helpful, we may affirm the ruling if any evidence in

the record supports the findings. *See Vincent v. Nelson,* 238 Ariz. 150, 155, ¶ 17 (App. 2015) ("We view the evidence in the light most favorable to sustaining the family court's findings, and we also determine whether evidence in the record reasonably supports the family court's findings."). We hold that sufficient evidence supports the findings here.

**1.    The Evidence Supports the Court's Domestic-Violence Findings.**

**¶15**        Father first challenges the superior court's domestic-violence findings. The court found that Father committed one or more acts of "significant domestic violence," citing Mother's protective order and her testimony that Father slammed her against a counter, threw a laptop in her face, threatened murder and suicide, and damaged property. *See* A.R.S. §§ 25-403(A)(8), -403.03(A). Although Father presented contrary testimony, it was for the superior court to determine credibility and weigh the conflicting evidence. *See Hurd,* 223 Ariz. at 52, ¶¶ 15-16. The court reasonably found that Father perpetrated significant domestic violence. And the "significant domestic violence" finding alone precluded Father from obtaining joint legal decision-making authority.

**¶16**        Under A.R.S. § 25-403.03(A), "joint legal decision-making shall not be awarded if the court makes a finding of the existence of significant domestic violence pursuant to § 13-3601," which includes offenses implicated by Father's conduct. *See* A.R.S. § 13-3601(A) (Domestic violence includes endangerment, threatening or intimidating, or assault of a co-parent under A.R.S. §§ 13-1201, -1202, or -1203.). *See also DeLuna v. Petitto,* 247 Ariz. 420, 423, ¶ 11 (App. 2019) ("If the court finds . . . the existence of significant domestic violence, . . . the statute precludes an award of joint legal decision-making authority.").

**¶17**        But although a finding of significant domestic violence bars an award of joint legal decision-making authority, the court must still analyze whether the other parent's sole authority will serve the child's best interests. Although Father did not request sole authority, his request for joint authority placed the sole-authority analysis fairly at issue. *See Sundstrom v. Flatt,* 244 Ariz. 136, 138, ¶ 7 (App. 2017) ("Neither the rule nor the statute require the party who is ultimately granted legal decision-making of the children to be the party that originally petitioned the court."); *cf. Cruz v. Garcia,* 240 Ariz. 233, 236-37, ¶¶ 11-14 (App. 2016) (Due process was denied when the court modified legal decision-making authority despite neither parent requesting a change.). So, here, the superior court

correctly addressed all the best-interests factors under A.R.S. §§ 25-403, -403.03, and -403.04.

¶18 Father challenges the superior court's finding that he did not rebut the presumption against sole authority created by his domestic violence under A.R.S. § 25-403.03(D). Section 25-403.03(D) provides that a rebuttable presumption against sole or joint authority arises when a parent commits "domestic violence," defined within that subsection to include placing a co-parent in reasonable apprehension of imminent serious physical injury or engaging in behavior justifying awarding the co-parent an *ex parte* protective order. Here, the court considered Father's conduct as creating an adverse presumption under A.R.S. § 25-403.03(D) and found he failed to rebut it under A.R.S. § 25-403.03(E), which specifies that the factors relevant to rebuttal include whether a perpetrator has completed rehabilitative programs.[1] Reasonable evidence showed that Father committed domestic violence and, at the time of the court's ruling, had failed to complete his court-ordered counseling and classes. This supports the court's finding of an unrebutted presumption against awarding Father legal-decision making authority.

## 2. The Evidence Supports the Court's Drug-Abuse Findings.

¶19 Father next challenges the superior court's findings about his drug abuse. Under A.R.S. § 25-403.04(A), if the court finds that a parent abused drugs within twelve months before the filing of a petition for legal decision-making authority or parenting time, there is a rebuttable presumption that it is not in the child's best interests to award that parent sole or joint legal decision-making authority. Factors relevant to rebuttal include the lack of a drug conviction in the past five years, the results of drug testing for six months, and the results of a drug screening by an approved facility. A.R.S. § 25-403.04(B).

¶20 The superior court found Father had abused drugs in the twelve months before Mother's petition and that he had not rebutted the

---

[1] Although the court did not specifically cite A.R.S. § 25-403.03(D), it did cite A.R.S. § 25-403.03(E). In so doing, the court erroneously described Father's failure to rebut a presumption against joint legal decision-making authority. Because A.R.S. § 25-403.03(A) applied, the only authority at issue was sole. But the court's misstatement was not material here.

statutory presumption.[2] Ample evidence in the record supports the court's finding that Father used drugs in the relevant period. Father admitted he abused fentanyl until at least November 2022. And reasonable evidence supports the court's finding that Father failed to rebut the adverse presumption resulting from his drug use. To be sure, the court found Father's mental health was improving, and no evidence showed he was convicted of a drug offense in the last five years. And Father also offered two drug-testing reports showing negative results. But it is not clear from the record whether the tests screened for fentanyl. Father failed to provide the foundation needed for the court to conclude, as Father urged, that the negative opiate test included fentanyl.

¶21 Father failed to offer other evidence to rebut the statutory presumption. His admitted history of heroin abuse, recovery, relapse with fentanyl abuse, and the short sobriety period support the court's ruling.

### 3. The Evidence Supports the Court's Additional Findings.

¶22 Father next challenges the superior court's findings under A.R.S. § 25-403. He first challenges the finding that he did not have a good relationship with the child when he was addicted to fentanyl. *See* A.R.S. § 25-403(A)(1) (parent and child's past, present, and future relationship). The evidence supports the court's finding. Father testified that he had little contact with the child during the month he was detoxing in Wisconsin. And Mother testified that Father would leave for significant periods without telling her where he was in the months before he left for Wisconsin.

¶23 Father also challenges the finding that he has a "history of depression, high anxiety, and suicidal ideations." *See* A.R.S. § 25-403(A)(5) (parties' mental health). Again, the evidence supports the court's finding. Mother testified to Father's past mental-health issues and his fentanyl abuse, and her credibility was for the court to decide. *See Imperial Litho/Graphics v. M.J. Enters.*, 152 Ariz. 68, 72 (App. 1986) ("It is well established that the testimony of an interested party is competent evidence; interest merely goes to its credibility."). Father claims the court ignored the psychological evaluation he provided and the testimony about his sobriety and Mother's drug use. The court did not abuse its discretion by giving

---

[2] Like with its findings about the presumption created by Father's domestic violence, the court erroneously described the presumption as pertaining to joint legal decision-making authority when the only authority at issue was sole. But again, the misstatement was not material.

more weight to certain evidence or disregarding evidence it considered unreliable. *See Hurd,* 223 Ariz. at 52, ¶ 16. The lack of findings on each piece of evidence does not mean the court ignored it. Rather, it shows that the court did not find certain evidence and testimony credible and weighed it accordingly. We defer to that determination. *See id.*

**¶24**　　　The court must also consider "[w]hich parent is more likely to allow the child frequent, meaningful and continuing contact with the other parent." A.R.S. § 25-403(A)(6). The superior court found this factor did not apply because "Mother has acted in good faith to prevent the child from witnessing an act of domestic violence." Father argues this was error because he offered evidence that Mother did not comply with the emergency custody order and refused a family dinner invitation.[3] We disagree. Because Father committed domestic violence, the court properly concluded that Mother's failure to comply with the emergency custody order was reasonable. And we presume the failure to mention the dinner invitation means the court did not give any weight to the evidence. *See supra* ¶ 22. We do not reweigh the evidence or best-interests factors, and the record supports the court's findings on this factor. *Hurd,* 223 Ariz. 52, ¶ 16.

**¶25**　　　The superior court also found that Father was intentionally misleading in trying to persuade the court to give him a legal decision-making and parenting-time preference. *See* A.R.S. § 25-403(A)(7). The court cited Father's failure to mention his past fentanyl abuse and domestic violence in his emergency petition for temporary orders. The court also found Father not credible when he testified that the parenting-time supervisor did not supervise his parenting time with the child.

**¶26**　　　Father contends that there was no domestic violence to address, so he was not misleading the court. We have addressed the evidence of Father's domestic violence in the record. *See supra* ¶¶ 15-17. Father's emergency petition alleged that Mother's boyfriend, Ortiz, had abused the child. Still, the court could find that Father misled the court when he failed to mention his past addiction and recent sobriety. We reject

---

3　　　Father also claims that Mother has denied him parenting time since the final order, but this alleged post-decree conduct is not in the record and was not considered by the superior court. So we do not consider it on appeal. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.,* 165 Ariz. 1, 4 (App. 1990) (An appellate court's review is limited to the evidence before the superior court.).

Father's contention that his substance abuse was "not pertinent" because he had been sober for several months. Father admitted to fentanyl abuse during the year before these proceedings, a relevant factor under A.R.S. § 25-403.04. The court reasonably found Father intentionally tried to mislead the court by failing to mention his drug use and domestic violence.

¶27　　　　Father argues that Mother sought to mislead the court by alleging that he abandoned the child. But the court never found that Father abandoned the child. Rather, the court found, consistent with Father's testimony, that he moved away to get sober and avoid bad influences in Arizona.

### 4.　　The Court Properly Balanced the Findings.

¶28　　　　Father argues that the finding that his relationship with the child was improving and several other factors weigh in his favor. *See* A.R.S. § 25-403(A)(2) (child has a good relationship with both parents and extended family), (3) (child is adjusted to home, school, and community), (4) (child is not of suitable age to express his wishes), (5) (Father's mental health is improving). He argues that the court instead gave more weight to the domestic-violence and drug-use findings. Balancing the A.R.S. § 25-403 findings is the province of the superior court. *Hurd,* 223 Ariz. at 52, ¶ 16. We will not reweigh the evidence. *Id.*

¶29　　　　We hold that the superior court correctly denied joint decision-making authority under A.R.S. § 25-403.03(A) and acted within its discretion to deny Father sole authority based on the child's best interests under A.R.S. §§ 25-403, -403.03, and -403.04.

### C.　　The Record Supports the Court's Parenting-Time Orders.

¶30　　　　Father argues that the superior court "grossly restrict[ed]" his parenting time by limiting him to six hours of supervised parenting time every other week and conditioning unsupervised and overnight parenting time on his completion of a batterer's intervention program, drug-abuse counseling, and a parenting class.

¶31　　　　A court must maximize parents' parenting time, but only as consistent with the child's best interests under A.R.S. §§ 25-403, -403.03, and -403.04. A.R.S. § 25-403.02(B); *see also* A.R.S. § 25-103(B). When a parent has committed domestic violence, he or she must prove "to the court's satisfaction that parenting time will not endanger the child or significantly impair the child's development." If that burden is met, "the court shall place conditions on parenting time that best protect the child and the other parent

from further harm." A.R.S. § 25-403.03(F). Such conditions may include supervised parenting time and no overnight parenting time. A.R.S. § 25-403.03(F)(2), (6). Here, the record shows Father committed significant domestic violence and had a history of drug abuse. *See supra* ¶¶ 15-20. Thus, the superior court was within its discretion to restrict Father's parenting time to protect the child by requiring supervision and prohibiting overnight visits until he completed rehabilitative programs.

¶32　　　　Father contends he is *automatically* entitled to overnight parenting time because he satisfied the program requirements and filed corresponding certificates of completion. We disagree. This portion of the parenting-time order is not self-effectuating. The order does not grant overnight parenting time. Rather, consistent with A.R.S. §§ 25-403.02(B), -403.03(F)(6), and -403.04(A)(2), the order limits Father to non-overnight parenting time. Removing the prohibition on overnight parenting time requires changing the *amount* of parenting time. As the order is written, if Father wants more or overnight parenting time, he must petition under A.R.S. § 25-411 unless Mother agrees.

¶33　　　　In contrast, the supervised parenting time requirement states that Father may have unsupervised parenting time after satisfying the program-completion requirements. This portion of the order is self-effectuating and does not require further action because the *amount* of parenting time remains the same, and only the supervision restriction changes. *See Gish v. Greyson*, 253 Ariz. 437, 447, ¶ 48 (App. 2022).

**D.　　The Record Does Not Include the Required Child-Support Findings.**

¶34　　　　The superior court ordered Father to pay $400 monthly in child support and found that he owed $2,000 in past child support. Father challenges the figures in the missing child support worksheet.

¶35　　　　We review a child support award for an abuse of discretion. *Milinovich v. Womack,* 236 Ariz. 612, 615, ¶ 7 (App. 2015). Under the Child Support Guidelines, A.R.S. § 25-320, Appx., ("Guidelines") § X(D)(1), "[t]he court must make findings in the record as to: Child Support Income; Adjusted Child Support Income; Basic Child Support Obligation; Adjusted Basic Child Support Obligation; each parent's Proportionate Share of the Adjusted Basic Child Support Obligation; and the Final Child Support Order." The court can attach these findings in a Child Support Worksheet to the final order. *See* Guidelines § X(D)(2).

¶36        Here, the court did not include a worksheet. Nor did the court make all the necessary findings orally on the record or in the written order. The order included only child support income and the final child support order. Thus, we cannot address Father's contentions on appeal. Because the record lacks the necessary findings, we vacate the child-support orders and remand for reconsideration.

## ATTORNEY'S FEES AND COSTS ON APPEAL

¶37        Both parties request an award of attorney's fees and costs on appeal under A.R.S. § 25-324. After considering the parties' financial resources and the reasonableness of their positions, we find Mother is entitled to a portion of her attorney's fees on appeal. Father took unreasonable positions on appeal. He asked this court to determine witness credibility differently than the superior court, which saw and heard the witnesses firsthand. He challenged the finding that he had a history of drug abuse despite admitting to it at trial. Finally, he unreasonably asked this court to reweigh the best-interests factors and reach a different result. Although the child support order warrants a remand, we do not address the merits of Father's child-support argument because of the deficient record. For these reasons, we award Mother a portion of her reasonable attorney's fees and costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶38        We vacate the child-support order and remand for reconsideration. We affirm the legal decision-making and parenting-time orders.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR